```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )    Cr. No. 16-013 S
                                    )
MICHAEL WATKINS,                    )
                                    )
          Defendant.                )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Defendant pleaded guilty to Counts I and II of the indictment on March 7, 2017 and final judgment entered the following day. (See J., ECF No. 27.) Defendant was required to file any notice of appeal within fourteen days of the entry of final judgment. Fed. R. App. P. 4(b). Defendant did not file his notice of appeal until April 20, 2017. (See Notice of Appeal, ECF No. 29.) Because Defendant's notice of appeal was untimely, the First Circuit Court of Appeals tasked this Court with determining whether Defendant had "excusable neglect or good cause" for the late filing. (Order of Ct. 1, ECF No. 31.) To that end, the Court provided Defendant thirty days to file an explanation for his untimely filing. (See May 25 Order, ECF No. 35.)

Defendant filed an explanation on June 23, 2011. (Explanation of Untimely Filing, ECF No. 36.) The Court treats that explanation as a motion to extend the time to appeal. (Order of Ct. 1, ECF No. 31 (citing United States v. Batista, 22 F.3d 492 (2nd Cir. 1994).) In his explanation, Defendant states that he assumed his appointed counsel would file a notice of appeal. (Explanation of Untimely Filing, ECF No. 36.) Once Defendant realized that his attorney had not done so, Defendant proffers that he promptly filed a pro se notice of appeal. (Id.) The United States has filed a Response opposing Defendant's request, arguing that Defendant's assumptions about his attorney's conduct were unwarranted and therefore insufficient to satisfy the standard of excusable neglect. (See U.S. Resp., ECF No. 37.)

Defendant must show "excusable neglect or good cause" for why his filing was untimely. Fed. R. App. P. 4(b)(4). The Court reviews Defendant's explanation under the standard set forth in Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1 (1st Cir. 2001). Under this standard the Court considers

> all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non moving party], the length of the delay and its potential impact on judicial proceedings, the

reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

United States v. Salcedo, No. CR 01-122 ML, 2006 WL 1896195, at *1 (D.R.I. July 7, 2006) (quoting Graphic Commc'ns, 270 F.3d at 5.) "The four . . . factors do not carry equal weight; the excuse given for the late filing must have the greatest import." Id. (quoting Graphic Commc'ns, 270 F.3d at 5.)

The Court finds that Defendant's explanation fails under that standard. Defendant does not claim that he asked his attorney to file a notice of appeal. Instead, Defendant simply assumed his attorney would do so. Assumptions regarding attorney conduct, without more, are typically insufficient to establish excusable neglect. See id. at *1-2. Moreover, Defendant's assumptions were particularly unwarranted in this case. Defendant signed a plea agreement in which he agreed to waive any right to appeal. (Plea Agreement ¶ 12, ECF No. 23.) In that plea agreement Defendant states that he reviewed the appellate waiver provision with his counsel and understood its consequences. (Id. ¶ 17.) Defendant has provided no explanation for why, given this provision, he still assumed that his counsel would file a notice of appeal on his behalf.

Defendant's Explanation of Untimely Filing (ECF No. 36), reviewed as a motion to extend the time to appeal, is DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: August 1, 2017