UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
UNITED STATES OF AMERICA       )
                               )
                               )
     v.                        )   Cr. No. 16-013 WES
                               )
MICHAEL WATKINS,               )
                               )
          Defendant.           )
_____)
```

**ORDER**

Before the Court is Defendant Michael Watkins's Pro Se Petition for Relief under Title 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 43, and Defendant's Motion to Amend Defendant's Motion for Compassionate Release, ECF No. 46. After review, Defendant's Motions for Compassionate Release are GRANTED. Defendant shall be released from the custody of the Bureau of Prisons ("BOP") by Tuesday, September 22, 2020, at 5 p.m., in order to allow the BOP to quarantine Defendant before entering a residential reentry center.

It is undisputed that, pursuant to 18 U.S.C. § 3582(c), Defendant has exhausted the BOP's administrative process for requests for compassionate release. See Gov't Resp. to Def.'s Am. Mot. for Compassionate Release 1, ECF No. 48. The Government opposes Defendant's Motions. See generally id.

The Court concludes that: (1) extraordinary and compelling reasons warrant release in light of the COVID-19 pandemic and Defendant's significant preexisting medical conditions (including, but not limited to, hypertension and obesity), as reflected in Defendant's medical records; (2) Defendant will not be a danger to the safety of any other person or the community; and (3) the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of release.  See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

Additionally, the Court modifies Defendant's conditions of supervised release to provide that:

1. Defendant's term of supervised release shall be extended by one year.
2. Defendant shall serve the first six months of his supervised release at a residential reentry center.
3. Defendant shall self-quarantine for fourteen (14) days upon release.
4. Defendant may be subject to electronic monitoring, at the discretion of U.S. Probation, and the equipment may be installed after the 14-day quarantine.

     5.    The conditions of release previously imposed by this Court otherwise remain in effect.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
District Judge
Date: September 1, 2020